IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAMES MARCUS PHILLIPS, SR., 1093923,** ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-CV-4127-P |
| ) | |
| **WILLIAM STEPHENS, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues Respondent has unlawfully extended his sentence.

On March 28, 2002, Petitioner was convicted of possession of a controlled substance and sentenced to fifteen years imprisonment. *State of Texas v. James Marcus Phillips*, No. F-0102375-MI (Crim. Dist. Ct. No. 2, Dallas County, Tex., Mar. 28, 2002).

On August 3, 2004, Petitioner was released on parole. On November 17, 2006, Petitioner's parole was revoked. On September 1, 2010, Petitioner was released on parole a second time. On October 7, 2011, his parole was revoked again.

On April 7, 2012, Petitioner filed a state habeas petition. *Ex parte Phillips*, No. 78,374-01. On September 26, 2012, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On October 9, 2012, Petitioner filed the instant § 2254 petition. He argues Respondent has unlawfully extended his sentence by denying him street time credits for the time he spent on parole.

## II.  Discussion

**1.     Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2.     Extension of Sentence**

Petitioner argues Respondent has unlawfully extended his sentence by not granting him time credits for the time he spent on parole.

The law in effect at the time of Petitioner's offense and his two subsequent parole revocations allowed a parolee to retain credit for time spent on parole if they were offense eligible and they met the "mid-point" criteria specified in the statute. *See* § 508.023(c) TEX. GOVT. CODE. The "mid-point" criteria states that:

> For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of the issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. . . .

TEX. GOVT. CODE § 508.283(c).

Therefore, under § 508.283(c), if the remaining portion of an inmate's sentence is greater than the time he spent on parole, he cannot receive credit for that street time. *See Ex parte Keller*, 173 S.W.3d 492, 494 (Tex. Crim. App. 2005). For Petitioner's first parole revocation, he had spent two years, three months and fourteen days on parole. (Resp. Ex. A.) The remaining portion of his sentence counting the street time was approximately ten years and eight months. Consequently, he had served less time on parole than the remaining portion of his sentence and was not entitled to street time credit for this parole.

For Petitioner's second parole revocation, he spent eleven months and eighteen days on parole. (*Id.*) At the time of his revocation, the remaining portion of his sentence counting the

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -3-

street time from September 1, 2010 until October 7, 2011, was approximately ten years and eleven months.  He therefore had served less time on parole than the remaining portion of his sentence and was not entitled for street time credit from September 1, 2010 until October 7, 2011.

**3.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 18th day of September, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).